## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDALL DUANE THRONEBERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV-22-145-R |
| ) | |
| CARRIE BRIDGES, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Amanda Maxfield Green [Doc. No. 32]. Petitioner filed a timely objection [Doc. Nos. 35, 36][1] and the Court must therefore make a de novo determination of the portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner appearing pro se,[2] filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] challenging his conviction for one count of Lewd Acts with a Child Under 16 After Former Conviction of a Felony in the District Court of Oklahoma County, Oklahoma. Judge Green recommends that the Petition be dismissed as untimely with respect to grounds one, two, three, four, five and six and denied with respect

---

[1] These documents are identical.

[2] Because Petitioner is proceeding *pro se*, the Court affords his materials a liberal construction but does not act as his advocate. *Merryfield v. Jordan,* 584 F.3d 923, 924 n.1 (10th Cir. 2009).

to ground seven. Petitioner does not object to Judge Green's account of the factual and procedural history of the proceedings or her conclusion that grounds one, two, three, four, five and six are untimely. Accordingly, Petitioner has waived further review of these issues and these portions of the Report are adopted in full. Petitioner's only specific objection is to ground seven, where he argues that Judge Green incorrectly concluded that he is not entitled to relief.[3]

In ground seven, Petitioner asserts that the state court judge who presided over his trial was biased in favor of female assistant district attorneys.[4] This claim is premised on the fact that the judge was subsequently suspended (and then resigned) after it was

---

[3] Judge Green also denied Petitioner's Motion for Evidentiary Hearing. *See* Doc. No. 28. To the extent Petitioner's Objection re-urges his request for any evidentiary hearing, the Court finds that an evidentiary hearing is not warranted. Petitioner's claim is premised on the trial judge's improper relationship with some attorneys or court staff – a fact which Respondent does not contest – and Petitioner has not identified any specific factual allegations that are in dispute such that an evidentiary hearing might be necessary. *See Anderson v. Att'y Gen. of Kansas*, 425 F.3d 853, 858-860 (10th Cir. 2005) (explaining that "[t]he purpose of an evidentiary hearing is to resolve conflicting evidence" and that even under the more lenient standard for granting an evidentiary hearing, a Petitioner's "factual allegations must be specific and particularized, not general or conclusory") (quotation omitted); *Foltz v. Wyoming Dep't of Corr. Medium Corr. Inst. Warden*, 860 F. App'x 597, 602 (10th Cir. 2021) (affirming denial of evidentiary hearing because habeas petitioner "did not make specific allegations when he moved for an evidentiary hearing"). Additionally, to the extent Petitioner's Objection suggests that the trial judge engaged in an inappropriate sexual relationship with one of the female prosecutors involved in his trial, the record indicates that the prosecutor testified under oath in another proceeding that she was not involved in any sort of relationship with the trial judge. *See* Doc. No. 48 at 97.

[4] As Judge Green explained in her Report, this claim was not adjudicated on the merits in state court. Accordingly, the Court reviews the claim de novo and does not apply the deferential standard of review articulated in 28 U.S.C. § 2254(d)(1). *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

discovered that he had a secret sexual relationship with two female prosecutors. Importantly, these two prosecutors were not involved in Petitioner's trial.

Petitioner's claim of judicial bias implicates the Due Process Clause of the Fourteenth Amendment which "guarantees an absence of actual bias on the part of a judge." *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016) (quotation marks omitted). However, even "the likelihood of bias or appearance of bias can, in certain circumstances, be so substantial as to create a conclusive presumption of actual bias." *Nichols v. Sullivan,* 867 F.2d 1250, 1254 (10th Cir. 1989). Accordingly, the crucial inquiry is "whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias." *Williams*, 579 U.S. at 8 (quotation marks omitted). Put another way, the issue is "whether, under a realistic appraisal of psychological tendencies and human weakness, the interest poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." *Caperton v. A.T. Massey Coal Co*., 556 U.S. 868, 883–84 (2009) (quotation marks omitted).

Petitioner argues that the trial judge's inappropriate relationship with certain female prosecutors raises the appearance that he is biased in favor of female prosecutors in general. However, from an objective standpoint, the judge's improper sexual relationship with other prosecutors does not show a "strong, direct interest in the outcome" of Petitioner's particular case such that there is an unconstitutional risk or appearance of bias. *See Fero v. Kerby,* 39 F.3d 1462, 1479 (10th Cir. 1994) (quotation omitted) (finding no due process violation where trial judge's son was a law clerk in the district attorney's office and

appeared in court as a spectator). Petitioner has not identified any "incentive for actual bias" in his case and his allegations that the judge is generally biased in favor of female prosecutors is "too remote and insubstantial to violate due process." *Id.*; *see also Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 821 (1986) ("Appellant's allegations of bias and prejudice on this general basis, however, are insufficient to establish any constitutional violation."). Accordingly, like Judge Green, the Court concludes that Petitioner has not shown that he was denied due process through judicial bias.

The Court therefore ADOPTS the Report and Recommendation [Doc. No. 32] in full. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] is DISMISSED with prejudice as to grounds one, two, three, four, five and six and DENIED as to ground seven.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court rejects a claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a claim on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." *Id.* The Court finds this standard is not met in this case and a COA is therefore denied.

IT IS SO ORDERED this 11th day of October 2023.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE